UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MELINDA L'SHAY JOHNSON,<br><br>　　Plaintiff<br><br>v.<br><br>MINI OF LAS VEGAS,<br><br>　　Defendant | Case No.: 2:25-cv-00725-APG-EJY<br><br>**Order Granting Defendant's Motion to Dismiss, Denying Plaintiff's Motion for Preliminary Injunction, Denying Plaintiff's Motion for Leave to File Surreply, and Granting Plaintiff Leave to Amend Complaint**<br><br>[ECF Nos. 7, 17, 29] |

　　Melinda L'Shay Johnson bought a car from JRJ Investments, Inc. dba MINI of Las Vegas. ECF Nos. 6 at 1; 17-2 at 2-7. The purchase contract required Johnson to make a $2,000 down payment on the purchase date along with 60 monthly payments to MINI in exchange for financing the purchase. ECF No. 17-2 at 2-3. The contract stated that Johnson would receive $19,114.35 as the "Amount Financed" and included an itemized list of what was included in the amount financed. *Id.* Johnson alleges that MINI subsequently sold and assigned the contract to a third party. ECF No. 6 at 2. Now, Johnson alleges MINI or its assignees are threatening to repossess the car. ECF No. 7 at 1.

　　Johnson, appearing pro se, alleges that MINI violated the Truth in Lending Act (TILA), 15 U.S.C. § 1601, by "fail[ing] to accurately and truthfully disclose the terms of credit, including the amount actually financed," and by not providing the amount financed to her or on her behalf. ECF No. 6 at 2. She also brings an unjust enrichment claim, alleging that MINI's sale of the contract to the third party without delivering the amount financed to Johnson or applying it on her behalf was unjust. Alongside her complaint, Johnson filed a motion for preliminary injunction to preclude MINI or any assignee, successor, agent, or third party from taking steps to

repossess, seize, or otherwise interfere with her possession and use of the car. MINI filed a motion to dismiss under Federal Rule of Civil Procedure (FRCP) 12(b)(6) and a response to Johnson's motion for preliminary injunction. Johnson moved for leave to file a surreply in opposition to MINI's reply in support of its motion to dismiss. I grant MINI's motion to dismiss, deny Johnson's motions for preliminary injunction and for leave to file a surreply, and grant Johnson leave to amend her complaint.

I.     MOTION TO DISMISS

In considering a motion to dismiss, I take all well-pleaded allegations of material fact as true and construe them in a light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). However, I do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017).

To defeat a motion to dismiss, a plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id*. at 555. Instead, the complaint must include "a short and plain statement of the claim" that shows the plaintiff "is entitled to relief" and gives the defendants "fair notice of what the claim is and the grounds upon which it rests." *Id*. at 555 (simplified).

    **A. I will consider the purchase contract to rule on MINI's FRCP 12(b)(6) motion.**

MINI submitted the contract from the car purchase as an exhibit to its motion to dismiss. Generally, when ruling on a motion to dismiss for failure to state a claim, I am "limited to the contents of the complaint." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). But I may

consider evidence on which the complaint "necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Id.* (quotation omitted). Johnson's complaint refers to the contract by name. ECF No. 6 at 1. The contract is central to her claim alleging that MINI violated TILA by inaccurately stating the amount financed in the contract. Johnson does not question the authenticity of the copy of the contract MINI provided. I therefore will consider the contract when ruling on MINI's motion to dismiss without converting it into a summary judgment motion. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (stating that a court may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment"); Fed. R. Civ. P. 12(d).

**B. I will not consider the new allegations Johnson raises in her opposition to MINI's motion to dismiss.**

In her opposition to MINI's motion to dismiss, Johnson raises new allegations not mentioned in her complaint, stating that MINI "falsely represented that funds were applied toward GAP insurance, service contracts, or other items without [Johnson's] knowledge, consent, or actual benefit." ECF No. 21 at 1. She did not mention any issues specifically with the GAP insurance or service contracts in her complaint, alleging only generally that MINI's conduct constituted a "material misrepresentation in violation of TILA" when MINI did not "accurately and truthfully disclose" the amount financed. ECF No. 6 at 2. As stated above, as a general rule, I may not consider any material beyond the complaint when ruling on a Rule 12(b)(6) motion. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001). This includes

new allegations in an opposition to a motion to dismiss. *Broam v. Bogan,* 320 F.3d 1023, 1026 n.2 (9th Cir. 2003). Because Johnson has not provided me a reason to go against this rule, I decline to consider the new allegations raised in her opposition to MINI's motion to dismiss.

### C. I will not consider MINI's new arguments in its reply brief.

In its reply in support of its motion to dismiss, MINI argues for the first time that Johnson's allegations fail under FRCP 9(b) and asserts that Johnson is receiving the assistance of a "ghost-lawyer." ECF No. 24 at 6. Raising new arguments in a reply brief is improper because it deprives the opposing party of "an opportunity to respond." *Tovar v. U.S. Postal Serv.*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993); *Carstarphen v. Milsner,* 594 F. Supp. 2d 1201, 1204 n.1 (D. Nev. 2009). Consequently, I "need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes,* 491 F.3d 990, 997 (9th Cir. 2007).

MINI's FRCP 9(b) argument in its reply brief is not relevant because I am not considering Johnson's new allegations in her opposition that MINI "falsely represented that funds were applied toward GAP insurance" or "service contracts." ECF No. 21 at 1. To the extent the FRCP 9(b) argument responds to Johnson's original allegation that the amount financed was not accurately or truthfully disclosed to her, MINI has not explained why it did not raise this argument first in its motion to dismiss. Additionally, MINI has not explained why it waited for the reply brief to assert its belief that Johnson is receiving the assistance of a "ghost-lawyer." *See S.E.C. v ARVCO Capital Research, LLC,* No.: 3:12-cv-00221-MMD-WGC, 2014 WL 5106100, at *8 (D. Nev. Oct. 10, 2014) (stating that a ghost-lawyer is an attorney who "gives substantial legal assistance, by drafting or otherwise, to a party ostensibly appearing pro se, with the lawyer's actual or constructive knowledge that the legal assistance will not be

disclosed to the court." (simplified)). Therefore, I decline to consider either of MINI's new arguments because MINI has not shown why doing so would be proper.

### D. I deny Johnson's motion for leave to file a surreply to MINI's motion to dismiss.

Johnson seeks leave to file a surreply in opposition to MINI's reply in support of its motion to dismiss. She seeks to respond to MINI's "new arguments" that she did not comply with FRCP 9(b), that she employed the assistance of a ghost-lawyer, and to rebut MINI's characterization of her claims as "buyer's remorse." ECF No. 29 at 1 (quotation omitted).

"Surreplies are not permitted without leave of court; motions for leave to file a surreply are discouraged." LR 7-2(b). Filing a surreply is "disfavored" and is warranted in "only the most exceptional or extraordinary circumstances." *Tesla, Inc. v. Tripp,* 487 F. Supp. 3d 953, 969 (D. Nev. 2020) (simplified). If "the non-movant's reply does not raise new evidence or issues that require additional argument, I may deny the motion." *Paxson v. Live Nation Ent.*, 778 F. Supp. 3d 1113, 1133 (D. Nev. 2025).

This case does not pose exceptional circumstances to warrant a surreply. I have already ruled that I will not consider two of MINI's new arguments raised in its reply. MINI's third new "argument," characterizing Johnson's claims as buyer's remorse, is not a new legal argument but rather an argumentative framing of the facts. It does not justify a surreply. Therefore, I deny Johnson's motion for leave to file a surreply.

Although I deny Johnson's motion for leave to file a surreply, it appears she may have used generative AI software to prepare it. She cites a non-existent case in support of her argument. Specifically, she states the following: "*Brown v. Gen. Nutrition Cos., Inc.,* 356 F. Supp. 3d 951, 953 (D. Nev. 2019) (permitting surreply to address new evidence and arguments in reply)." ECF No. 29 at 1. The citation 356 F. Supp. 3d 951 goes to *Brown v. Unum Life*

5

*Insurance Company of America*, 356 F. Supp. 3d 949 (C. D. Cal. 2019), a case that does not address surreplies. I located two different federal cases titled *Brown v. Gen. Nutrition Companies, Inc.,* cited at 356 Fed. App'x 482 (2d Cir. 2009) and No. 06-80391-CIV-RYSKAMP/VITUANAC, 2006 WL 8433366 (S.D. Fla. Oct. 19, 2006). Neither addresses the standard for granting leave to file a surreply.

When a party presents a filing to a court, such as a motion, the party certifies "that to the best of the [party's] knowledge, information and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law." FRCP 11(b)(2). This imposes an "affirmative duty of investigation . . . as to law . . . before motions are filed." *Golden Eagle Distribut. Corp., v. Burroughs Corp.*, 801 F.2d 1531, 1536 (9th Cir. 1986). This extends to attorneys and pro se litigants alike. FRCP 11(b)(2).

There has been a rise in fake authority cited in briefs, usually as the result of using generative AI software, like ChatGPT, to draft pleadings. *Chavez-DeRemer v. NAB, LLC*, No. 2:21-CV-00984-JAD-EJY, 2025 WL 2308676, at *3 (D. Nev. Aug. 11, 2025). Generative AI often invents fake cases and legal precedent in its drafting, and using it is no excuse to not verify the veracity of citations. Going forward, the parties are reminded of their duty under FRCP 11(b)(2) and that citing fake cases drafted by generative AI may violate this rule. Failure to comply in the future may result in sanctions, such as an order to pay a penalty into court or nonmonetary directives. FRCP 11(c)(4).

**E. Johnson fails to state a claim for a violation of TILA.**

MINI argues that Johnson fails to state a claim for a TILA violation because the purchase contract contains a detailed and accurate itemization of the amount financed and because Johnson received the benefit of the amount financed: the car. Johnson responds that the amount

financed includes charges for which she never received the cash equivalent or benefit and that MINI did not accurately and truthfully disclose to her the terms of credit, specifically the amount financed.

TILA requires that creditors in certain consumer credit transactions disclose to borrowers important terms of credit before the borrower is legally bound to pay the loan. 15 U.S.C. §§ 1638(a), (b). Among these terms are the amount financed; the ability to receive a written itemization of the amount financed; the finance charge; the annual percentage rate; the sum of the amount financed and the financed charge; and the number, amount, and due date of payments. *Id.* § 1638(a).

The only specific disclosure that Johnson alleges in her complaint that MINI did not provide is the amount financed. ECF No. 1-1 at 2. The amount financed is "the amount of credit of which the consumer has actual use." 18 U.S.C. § 1638(a)(2)(A). The creditor must provide a "[d]escriptive explanation" of the term "amount financed." 15 U.S.C. § 1638(a)(8). A descriptive explanation may take a form such as "the amount of credit provided to you or on your behalf." 12 C.F.R. § 1026.18(b).

The amount financed is computed by "tak[ing] the principal amount of the loan or the cash price less downpayment and trade-in," then "add[ing] any charges which are not part of the finance charge or of the principal amount of the loan and which are financed by the consumer," and "subtract[ing] any charges which are part of the finance charge but which will be paid by the consumer before or at the time of the consummation of the transaction." 15 U.S.C. § 1638(a)(2)(A). The computations need not be disclosed. *Id.* To the extent applicable, the itemization of the amount financed must include: "(i) the amount that is or will be paid directly to the consumer, (ii) the amount that is or will be credited to the consumer's account to discharge

7

obligations owed to the creditor, (iii) each amount that is or will be paid to third persons by the creditor on the consumer's behalf, . . . and (iv) the total amount of any charges that are part of" the finance charge but which will be paid by the consumer before or at the time of the transaction. 15 U.S.C. § 1638(a)(2)(B).

Johnson's complaint does not sufficiently state how the contract's disclosure of the amount financed or the itemization of the amount financed violate these statutory provisions. On the first page of the contract, MINI labels the "Amount Financed" as $19,114.35. ECF No. 17-2 at 2. The contract defines the amount financed as "[t]he amount of credit provided to you or on your behalf," satisfying § 1638(a)(8). *Id.* at 2. The itemization accurately sums the total credit provided to Johnson as $19,114.35, adding the total taxable selling price, the total sales tax, the titling fee, the service contract, and the debt cancellation coverage, while subtracting the cash down payment. *Id.* at 3. In her complaint, Johnson does not allege that any of these individual figures is incorrect.

The itemization also complies with § 1638(a)(2)(B)(ii) by listing the $2,000 down payment as the amount to be credited to Johnson's account and with § 1638(a)(2)(B)(iii) by listing the amount that will be paid to third parties for the titling fee, sales tax, and service contract. The other requirements for itemizations, § 1638(a)(2)(B)(i) and (iv), are not applicable here because no funds were to be paid directly to Johnson and Johnson was not to pay any of the finance charge at the time of the car purchase. Johnson has therefore failed to plausibly state how MINI inaccurately or untruthfully disclosed the amount financed.

Johnson also fails to state a claim that MINI violated TILA by unlawfully withholding the benefit of the amount financed from her. She currently is in possession of the main benefit of the contract, the car, as she is seeking a preliminary injunction to prohibit MINI from

8

repossessing it from her. ECF No. 7 at 1.  Her complaint does not specify any other benefit that she should have but did not receive under the contract.  Therefore, I dismiss the TILA claim against MINI.

### F.  Johnson fails to state a claim for unjust enrichment.

MINI argues that its contract with Johnson allows it to assign the contract to a third party, so Johnson fails to state a claim of unjust enrichment.  Johnson responds that unjust enrichment is available when a written contract is void, unconscionable, or fraudulently induced, as is the contract between her and MINI.

Unjust enrichment occurs when a plaintiff "confers a benefit on the defendant, the defendant appreciates such benefit, and there is acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof." *UnitedHealthCare Ins. Co. v. Fremont Emergency Servs. (Mandavia), Ltd,* 570 P.3d 107, 121 (Nev. 2025) (en banc) (quotation omitted).  An unjust enrichment claim is not available when there is an express, written contract. *Leasepartners Corp. v. Robert L. Brooks Tr. Dated Nov. 12, 1975*, 942 P.2d 182, 187 (Nev. 1997).

Here, there exists an express, written contract between Johnson and MINI, so an unjust enrichment claim is not available to Johnson.  Johnson, without citation, argues that she can still allege unjust enrichment because the contract is void, unconscionable, and fraudulently induced. But in her TILA claim she does not seek rescission, so she acknowledges that the contract exists. She also does not allege in her complaint unconscionability, fraudulent inducement, or other bases for voiding the contract, so I cannot consider these allegations in her opposition brief. *See Lee,* 250 F.3d at 388.  Therefore, Johnson fails to state a claim for unjust enrichment, and I dismiss the unjust enrichment claim against MINI.

## II. MOTION FOR PRELIMINARY INJUNCTION

Johnson moves for a preliminary injunction to stop MINI or anyone else from repossessing the car. MINI argues that Johnson is not entitled to a preliminary injunction because she has not shown a likelihood of success or serious questions on the merits, among other arguments.

To obtain a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, the plaintiff must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

As I have already found that Johnson fails to state a claim in her complaint, she has not shown a likelihood of success or serious questions on the merits. I therefore deny her motion for preliminary injunction.

## III. LEAVE TO AMEND COMPLAINT

I should freely give leave to amend a complaint when justice so requires. FRCP 15(a)(2). I should grant leave to amend even if not requested "if it appears at all possible that the plaintiff can correct the defect." *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000) (quotation omitted). This rule favoring liberality in amendments to pleadings is particularly important for pro se litigants like Johnson. *Id.* at 1131. Because it is not clear that amendment would be futile, I grant leave to Johnson to amend her complaint.

/ / / /

## IV.     CONCLUSION

I THEREFORE ORDER that MINI's motion to dismiss **(ECF No. 17) is GRANTED** and that Johnson's motion for preliminary injunction **(ECF No. 7)** and motion for leave to file a surreply **(ECF No. 29) are DENIED**.

I FURTHER ORDER that Johnson may file an amended complaint by **October 23, 2025**. If she fails to file an amended complaint by that date, I close this case.

DATED this 24th day of September, 2025.

                                                                              ANDREW P. GORDON
                                                                              CHIEF UNITED STATES DISTRICT JUDGE