**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MELINDA L'SHAY JOHNSON, | Case No.: 2:25-cv-00725-APG-EJY |
| Plaintiff | **Order (1) Granting MINI's Motion to Dismiss, (2) Dismissing Claims Against AutoNation Holding Corp., AutoNation Finance, and AutoNation, Inc., (3) Denying MINI's Motion for Summary Judgment as Moot, (4) Denying Johnson's Motion for a Preliminary Injunction, and (5) Granting Johnson's Motion to File Late Responses** |
| v. | |
| JRJ INVESTMENTS, INC. d/b/a MINI OF LAS VEGAS, et al., | |
| Defendants | [ECF Nos. 35, 40, 41, 46] |

Melinda L'Shay Johnson bought a car from JRJ Investments, Inc. dba MINI of Las Vegas. ECF No. 34 at 1, 7-13.[1]  Defendant AutoNation Motors Holding Corp. owns MINI of Las Vegas. *Id.* at 1.  The contract between Johnson and MINI states that Johnson made a $2,000 down payment for the car on the purchase date and that MINI would finance the rest of the purchase. *Id.* at 7-8.  It lists the "Amount Financed" as $19,114.35 and the "Finance Charge" as $11,681.25, with descriptions of each. *Id.* at 7.  Johnson also elected to purchase optional debt cancellation coverage, also known as GAP coverage, for $600. *Id.*  Defendant AutoNation Finance later acquired the contract through assignment. *Id.* at 2.

Johnson alleges that she received an email from an AutoNation immediately after the transaction with a receipt for $2,000, labeled "Breast Cancer Research Foundation" and thanking her for her "donation to our cancer-fighting mission." *Id*.  She never authorized a charitable

---

[1] I will consider the contract in deciding MINI's motion to dismiss because it is attached to the complaint, the complaint refers to the contract, it is central to Johnson's claim, and no party questions its authenticity. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

donation. *Id.* Defendant AutoNation, Inc. was the sponsor of this charitable marketing program. *Id.* at 1.

Johnson sued MINI, alleging it violated the Truth in Lending Act (TILA) and was unjustly enriched. I granted MINI's motion to dismiss but granted Johnson leave to amend her complaint. ECF No. 33 at 11.

In her first amended complaint, Johnson brings several claims against MINI and the three AutoNation Defendants related to their disclosures on the contract, the alleged unauthorized charitable donation, and the GAP coverage. She alleges they violated TILA by inaccurately disclosing the amount financed, inaccurately disclosing the finance charge, and by not providing her documentation relating to her GAP coverage. Second, she alleges they violated the Federal Trade Commission (FTC) Act by misrepresenting her down payment as a donation. Finally, she brings several claims under Nevada law for a violation of the Nevada Deceptive Trade Practices Act under Nevada Revised Statutes (NRS) § 598.0903 et seq., consumer fraud under NRS § 41.600, and common-law fraud and misrepresentation. She moves for a preliminary injunction to prevent the defendants from repossessing, collecting, or otherwise taking any action concerning her car.

MINI moves to dismiss all claims against it or alternatively for summary judgment. MINI also notes that Johnson has not served the AutoNation defendants. Johnson moved for leave to file late responses to both motions.

I grant MINI's motion to dismiss because Johnson has failed to state a claim on her federal causes of action and I decline to exercise supplemental jurisdiction over her state law claims. I dismiss the claims against AutoNation Holding Corp, AutoNation Finance, and AutoNation, Inc. for the same reasons. I decline to grant Johnson leave to amend her complaint

in this court for a second time.  Accordingly, I deny MINI's motion for summary judgment as moot, and I deny Johnson's motion for a preliminary injunction.  Finally, I grant Johnson's motion for leave to file late responses to MINI's motions.

## I.       MINI'S MOTION TO DISMISS

In considering a motion to dismiss, I take all well-pleaded allegations of material fact as true and construe them in a light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017).  However, I do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017).

To defeat a motion to dismiss, a plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id*. at 555.  Instead, the complaint must include "a short and plain statement of the claim" that shows the plaintiff "is entitled to relief" and gives the defendants "fair notice of what the claim is and the grounds upon which it rests." *Id*. (simplified).

I must "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). I consider "five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

/ / / /

/ / / /

/ / / /

/ / / /

**A. Johnson has failed to state a claim under TILA.**

*1. I dismiss Johnson's claims that MINI failed to properly disclose the amount financed and finance charge as required by TILA.*

Johnson first alleges that MINI violated TILA by failing to accurately disclose the "amount financed" and "finance charge" in the contract.  TILA requires that creditors in certain consumer credit transactions disclose to borrowers important terms of credit before the borrower is legally bound to pay the loan, including the amount financed, the finance charge, and the finance charge "expressed as an 'annual percentage rate.'" 15 U.S.C. §§ 1638(a)(2), (3), (4), (b).  It must also include a "descriptive explanation" of each term. *Id.* § 1638(a)(8).  I have already ruled that the contract properly disclosed the amount financed along with a proper explanation of the term. *Johnson v. Mini of Las Vegas*, No. 2:25-cv-00725-APG-EJY, 2025 WL 2718525, at *3-4 (D. Nev. Sept. 24, 2025).  Regarding the disclosure of the finance charge, the contract lists the "FINANCE CHARGE" as $11,681.25 and the "ANNUAL PERCENTAGE RATE" as 20.24%.  ECF No. 34 at 7.  Both terms include a description that matches the descriptive explanation suggested by TILA's implementing regulations. *Id.*; 12 C.F.R. § 1026.18(d), (e).

Nonetheless, Johnson still contends these disclosures are inadequate under TILA because the alleged "mischaracterization of [her] payment" as a donation instead of a down payment "altered the amount financed and finance charge disclosures required under [TILA] § 1638(a)." ECF No. 34 at 2.  But I "need not accept as true allegations contradicting documents that are referenced in the complaint." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2006).  The contract contradicts Johnson's allegation that her $2000 payment was listed as a donation to charity instead of a payment for her car.  The contract specifically states that Johnson made a down payment of $2000 on the car at the time of purchase. ECF No. 34 at 7, 8.  It applied this

down payment against the total sales price of the car, $32,795.60, such that her total future payments would be $30,795.60. *Id.* at 7.  Therefore, Johnson has not plausibly alleged that there was a mischaracterization of her payment that altered the amount financed and finance charge disclosures.  Accordingly, she fails to state a TILA claim that MINI improperly disclosed the amount financed or finance charge.

> 2.  *I dismiss Johnson's claim that MINI failed to disclose information regarding her GAP coverage as required by TILA.*

Next, Johnson alleges MINI violated TILA by disclosing it would provide her GAP coverage but failing to give her "any GAP policy, certificate, or documentation confirming coverage." ECF No. 34 at 2.  She argues that TILA requires disclosure of "[o]ptional products; [i]nsurance terms; [a]ccurate costs; [and d]etails of add-on products." ECF No. 47 at 4.  MINI argues that Johnson cites no law that TILA requires these disclosures and that her complaint fails to allege that it was required to provide a document confirming coverage or a policy number. MINI is correct.  Johnson does not cite any provision of TILA or its implementing regulations that mandates her desired disclosures relating to her GAP coverage.  She therefore fails to state a claim that MINI violated TILA by not making these disclosures.

This is Johnson's second attempt to state a claim against MINI under TILA.  She has yet to identify a provision of TILA that MINI violated despite MINI raising this issue in its two motions to dismiss and my previous order doing the same.  Her opposition to MINI's second motion to dismiss does not suggest she could amend to state a claim if given another opportunity. Thus, I dismiss her TILA claims with prejudice.

/ / / /

/ / / /

5

**B.   I dismiss Johnson's FTC Act claim with prejudice.**

Johnson also brings a claim under the FTC Act, 15 U.S.C. § 45.  But there is no private right of action under this statute, and enforcement of § 45 lies only with the Federal Trade Commission. *Carlson v. Coca-Cola Co.*, 483 F.2d 279, 280 (9th Cir. 1973); *Salvador v. Bank of N.Y. Mellon*, No. 2:17-cv-02857-APG-CWH, 2018 WL 1955418, at *4 (D. Nev. Apr. 25, 2018) (citing 15 U.S.C. §§ 41, 45(a)(2), (m)).  Therefore, I dismiss this claim with prejudice.

**C.   I decline to exercise supplemental jurisdiction over Johnson's state law claims.**

Johnson raises three claims under Nevada law in her amended petition: a violation of the Nevada Deceptive Trade Practices Act, consumer fraud, and common-law fraud and misrepresentation.  She asserts I have supplemental jurisdiction over these claims. ECF No. 34 at 1.  Because I have dismissed all of her federal law claims, I decline to exercise supplemental jurisdiction and dismiss her Nevada state law claims without prejudice to her ability to assert those in Nevada state court. 28 U.S.C. § 1367(c)(3); *see Notrica v. Bd. of Sup'rs of Cnty. of San Diego*, 925 F.2d 1211, 1213-14 (9th Cir. 1991) (stating that "in the usual case, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over state law claims when all federal claims have been dismissed").  This case is still in its early stages because discovery has been stayed pending resolution of MINI's motion to dismiss.  The interests of economy, convenience, fairness, and comity therefore weigh against retaining jurisdiction where I have dismissed the only claims over which I have original jurisdiction. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 3357 (1988).

**D.   I dismiss the claims against the AutoNation defendants.**

Johnson asserts the same TILA claims, FTC Act claim, and state law claims against the three AutoNation defendants.  She filed her first amended complaint adding them as defendants

in October 2025, but she has not served any of them. *See* ECF Nos. 34, 36, 39. The time to serve them has expired. *See* Fed. R. Civ. P. 4(m). In any event, she cannot assert her federal claims against any defendant, as I explained above, so I dismiss those claims against all three AutoNation defendants with prejudice. I also decline to exercise supplemental jurisdiction over the state law claims against the AutoNation defendants. 28 U.S.C. § 1367(c)(3).

Finally, I decline to grant Johnson leave to amend her complaint in this court. After two complaints and two rounds of briefing on motions to dismiss, she has failed to state a federal claim upon which relief can be granted.

## II.     MINI'S MOTION FOR SUMMARY JUDGMENT

MINI moved for summary judgment on all of Johnson's claims. Because I granted its motion to dismiss, I deny its motion for summary judgment as moot.

## III.    JOHNSON'S MOTION FOR A PRELIMINARY INJUNCTION

Johnson moved for a preliminary injunction against the defendants to enjoin them from repossessing her car. Because I dismiss all of her claims, she has not shown a likelihood of success on the merits, and I deny her motion. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015).

## IV.    CONCLUSION

I THEREFORE ORDER that defendant JRJ Investments, Inc. dba MINI of Las Vegas' motion to dismiss **(ECF No. 40) is GRANTED**. Plaintiff Melinda L'Shay Johnson's TILA and FTC Act claims are dismissed with prejudice against defendants RJ Investments, Inc. dba MINI of Las Vegas, AutoNation Motors Holding Corp., AutoNation, Inc., and AutoNation Finance. I decline to exercise supplemental jurisdiction over her state law claims, so those are dismissed

against all defendants without leave to amend in this court but without prejudice to her pursuing her state law claims in state court.

I FURTHER ORDER that MINI's motion for summary judgment **(ECF No. 41) is DENIED as moot**.

I FURTHER ORDER that Johnson's motion for a preliminary injunction **(ECF No. 35) is DENIED**.

I FURTHER ORDER that Johnson's motion for leave to file late oppositions to MINI's motion to dismiss and motion for summary judgment **(ECF No. 46) is GRANTED**.  Johnson filed her responses on December 1, 2025, and I deem them timely.

I FURTHER ORDER the clerk of court to enter judgment accordingly and to close this case.

DATED this 18th day of June, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE